James J. **MURTHA** and Elissa North, for themselves and all others similarly situated, Plaintiffs,

v.

Lawrence M. **QUINLAN**, Sheriff of Dutchess County, New York, Defendant.

**No. 70 Civ. 1241.**

United States District Court, S. D. New York.

May 28, 1970.

Koplovitz & Fabricant, by Joshua Koplovitz, New York City, for plaintiffs.

William V. Welsh, County Atty. of Dutchess County, by Joseph D. Quinn, Jr., Asst. County Atty., for defendant.

## OPINION

TYLER, District Judge.

Defendant Quinlan, Sheriff of Dutchess County, moves under Rule 12(b) (6), Fed.R.Civ.P., to dismiss plaintiffs' complaint for failure to state a cause of action.

Under 42 U.S.C. § 1983 and Rule 23, Fed.R.Civ.P., plaintiffs Murtha and North seek to bring a class action for damages for alleged interference with the class members' constitutional rights to privacy and freedom to travel, and to enjoin any further interference, caused by roadblocks which defendant sets up on the roads of Dutchess County.

It is important at the outset to be perfectly clear about the allegations of fact and legal theory on which this complaint is grounded. Although no affidavits of the plaintiffs have been presented to the court, the complaint states that on May 12, 1967, Murtha was driving easterly on New York State Highway # 44 with his wife Rosemary. He came to a roadblock, manned by defendant's deputies, where all cars were being stopped. Murtha was delayed several minutes and then permitted to leave the area. About an hour later, Murtha and his wife were returning along the same highway when they came to the same roadblock. This time Murtha was ordered to produce his license and registration. He complied and was allowed to leave the area, apparently without further incident.

On the night of September 26–27, 1969 plaintiff North was driving a vehicle which was stopped at a roadblock, manned by defendant's deputies, on New York State Highway # 9 near Bard College. Miss North was ordered out of her car and asked to produce her license and registration. The deputies then shone their flashlights in the car and asked the other occupants to produce identification. After doing so, Miss North and her passengers were permitted to leave the area.

This is the extent of the plaintiffs' involvement in the roadblocks about which they complain.

Plaintiffs go on to make a number of other allegations. First, they contend that the motive for the roadblocks was to harass and intimidate the young people living in or passing through the county who had unconventional hair and dress styles and to apprehend possible drug violators. Second, they allege that at the times they were stopped they saw such harassment taking place though they were not directly involved. Third, they allege that numerous roadblocks of this sort have been set up by the defendant sheriff and that a pattern of such activity has taken place and presumably will continue throughout Dutchess County.

Despite the wide-ranging nature of their complaint, plaintiffs rest on a comparatively narrow legal theory. They specifically state in their brief that they do not take issue with the ruling of the Superior Court of New Jersey in State v. Kabayama, 98 N.J.Super 85, 236 A.2d 164, 166 (1967), under a new Jersey statute similar to New York Vehicle & Traffic Law § 401(4) (McKinney's Consol.Laws, c. 71, 1960) under which defendant claimed to have acted in this case:

"The temporary stoppage of vehicles upon the highways, either singly or as a part of a check by means of a roadblock procedure, for the purpose of ascertaining whether those requirements [registration and licensing] are being complied with represents a valid exercise of the State's police power in the furtherance of the State's legitimate interest."

Thus, plaintiffs here focus on two elements in the Dutchess County roadblocks which they claim pass beyond the

legitimate interests of the state and make those operations constitutionally impermissible: first, the actual harassment and drug searches and, second, the improper purpose of harassing the unconventional and seaching for drug offenders which, plaintiffs claim, taints the rest of the roadblock procedure, making the entire operation constitutionally impermissible.

Plaintiffs make no claim of being directly harassed or searched for drugs or exposed to behavior which would not be permissible if the motive for the roadblock were proper. Thus, they are necessarily reduced to asserting those alleged infringements of constitutional rights through other members of the class which they seek to represent. Here plaintiffs run head on into one of the fundamental requirements for maintaining a class action, that "the claims or defenses of the representative parties are typical of the claims or defenses of the class," Rule 23(a) (3), Fed.R.Civ.P.

Following the stricture of this rule, it is obvious that the plaintiffs can only be found to be representative of the class which, like themselves, was stopped but not harassed or searched. The claims and defenses of persons actually harassed or searched would appear to vary significantly from those of plaintiffs here.

The question thus becomes whether the plaintiffs may complain of an alleged illegal purpose in what they concede to be an act which, when performed with the proper purpose, would be legal and constitutional. The hurdle which the plaintiffs cannot surmount is the fact that this allegedly illegal purpose found no expression toward them. They were themselves treated in a manner which they admit to be legal but for the alleged improper purpose. If it was the aim of the defendant to treat them improperly, he failed to do so; moreover, I do not read the complaint to allege that he attempted to do so. The only purpose of the roadblock expressed toward the plaintiffs by the acts of the defendant was the permissible checking of licenses and registration. Allegations of unexpressed intentions are not grounds solid enough to support a justiciable case or controversy.[1]

If the plaintiffs complained of being harassed or searched or if they complained of being repeatedly stopped, or if they could show visible signs of future improper activity directed against them, this might be a different case.[2] But a single stoppage at a roadblock and treatment in a manner at least implicitly admitted to be legal is not enough to make out a complaint when the only allegedly illegal part of the act is the supposed intention of the defendant to commit acts which he did not commit on the plaintiffs.

Accordingly, plaintiffs' complaint is dismissed pursuant to Rule 12, Fed.R. Civ.P. Plaintiffs having failed to present a claim individually, have also

---

1. Plaintiffs put considerable weight on the New Hampshire case of State v. Severance, 108 N.H. 404, 237 A.2d 683, 686 (1968), in which defendant sought to suppress evidence of intoxication obtained from him at a roadblock check held on New Year's Eve. The court remanded for a hearing on the question of whether or not the purpose of the roadblock had been a good faith investigation of licenses and registration or an improper check for evidence of other crimes. If the purpose was improper, then the motion to suppress was to be granted. Assuming, arguendo, that the New Hampshire court was correct, the case differs from the one at bar in the fact that there the improper purpose, if it existed, was expressed toward the defendant insofar as he was checked for evidence of the crime for which he was arrested.

2. Plaintiffs' attorney candidly admitted on oral argument that he originally represented two additional clients in this matter who could directly complain of harassment and/or searches. The decision of those original plaintiffs to withdraw from the case weakened the position of the remaining plaintiffs markedly.

failed to make out a class, of which they are representative, which has a cause of action. The class action complaint is also dismissed. It is so ordered.